## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00831-RLW |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Tyrone Hurt's pro se complaint pursuant to 28 U.S.C. § 1915. (Docket No. 1). Plaintiff has neither paid the filing fee, nor filed an application for leave to proceed in forma pauperis. Instead, plaintiff requests leave to proceed in forma pauperis in the body of the complaint. (Docket No. 1 at 3). The Court has reviewed plaintiff's request and will allow him to proceed without paying the filing fee. Additionally, for the reasons discussed below, the Court will dismiss this action for improper venue and for being factually frivolous. The Court will also warn plaintiff that his continued practice of filing frivolous complaints may result in restrictions in his ability to proceed in forma pauperis.

## Background

Plaintiff is a self-represented litigant who currently lives in Washington, D.C. Since January 21, 2020, he has filed a total of thirty-one civil actions in forma pauperis with this Court.

Nineteen of those cases have been dismissed on preservice review.[1] Twelve cases remain pending, including the instant action.[2]

In addition to the cases filed in the United States District Court for the Eastern District of Missouri, a review of plaintiff's federal court filings indicates that he has filed numerous other actions in district courts across the nation. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C.

---

[1] The closed cases are: *Hurt v. Bailey Realtor, Inc. LLC*, No. 4:20-cv-99-NAB (E.D. Mo. Jan. 28, 2020); *Hurt v. D.C. Board of Parole, et al.*, No. 4:20-cv-100-PLC (E.D. Mo. Feb. 20, 2020); *Hurt v. American College Dictionary, et al.*, No. 4:20-cv-101-RLW (E.D. Mo. Feb. 13, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-525-RLW (E.D. Mo. Apr. 16, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-527-SRC (E.D. Mo. Apr. 24, 2020); *Hurt, et al. v. USA, et al.*, No. 4:20-cv-645-AGF (E.D. Mo. May 27, 2020); *Hurt, et al. v. United States of America, et al.*, No. 4:20-cv-646-SRC (E.D. Mo. May 22, 2020); *Hurt v. USA, et al.*, No. 4:20-cv-647-AGF (E.D. Mo. June 2, 2020); *Hurt, et al. v. United States of America, et al.*, No. 4:20-cv-648-SRC (E.D. Mo. May 22, 2020); *Hurt v. Motel 6, et al.*, No. 4:20-cv-649-SRC (E.D. Mo. June 4, 2020); *Hurt v. American College Dictionary, et al.*, No. 4:20-cv-667-NCC (E.D. Mo. May 22, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-721-SEP (E.D. Mo. June 10, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-722-SRC (E.D. Mo. June 8, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-723-JCH (E.D. Mo. June 5, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-736-NCC (E.D. Mo. June 9, 2020); *Hurt v. United States of America, et al.*, No. 4:20-cv-774-PLC (E.D. Mo. June 17, 2020); *Hurt, et al. v. United States of America, et al.*, No. 4:20-cv-775-RLW (E.D. Mo. June 18, 2020); *Hurt, et al. v. United States of America, et al.*, No. 4:20-cv-777-NAB (E.D. Mo. June 18, 2020); and *Hurt, et al. v. United States of America, et al.*, No. 4:20-cv-783-NCC (E.D. Mo. June 17, 2020).

[2] Aside from the instant case, the pending cases are: *Hurt, et al. v. United States of America, et al.*, No. 4:20-cv-779-SNLJ (E.D. Mo. June 8, 2020); *Hurt v. American College Dictionary, et al.*, No. 4:20-cv-819-CDP (E.D. Mo. June 8, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-822-SRC (E.D. Mo. June 11, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-823-SRC (E.D. Mo. June 12, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-824-SPM (E.D. Mo. June 12, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-825-SRC (E.D. Mo. June 12, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-826-SRC (E.D. Mo. June 12, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-827-JAR (E.D. Mo. June 12, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-828-PLC (E.D. Mo. June 12, 2020); *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-829-AGF (E.D. Mo. June 12, 2020); and *Hurt v. U.S. Constitution, et al.*, No. 4:20-cv-832-RWS (E.D. Mo. June 19, 2020).

May 30, 2017) (collecting cases). He has, for example, been barred from proceeding in forma pauperis in the United States District Court for the District of Columbia, the district where he lives. *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019). That bar has been extended to keep him from proceeding in forma pauperis on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

## The Complaint

Plaintiff brings this civil action against the United States of America, as well as the "Chief of Police" and "All law enforcement." (Docket No. 1 at 1). He asserts that jurisdiction is present based on 42 U.S.C. § 1983, 28 U.S.C. § 1330, 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1975.

The complaint is handwritten and not on a Court form. The handwriting is almost entirely illegible, and it is extremely difficult to discern what plaintiff is attempting to claim. As best the Court can tell, plaintiff is attempting to raise an issue under the Fourth and Eighth Amendments to the United States Constitution. (Docket No. 1 at 2). He states that law enforcement has an oath "to protect and serve." He further appears to state that in the month of May 2020, he was "illegally" arrested by law enforcement, but that the warrant "was quashed the very next day." Plaintiff contends that this is an urgent matter, requiring the International Court of Justice in the Hague to be called in. As such, plaintiff seeks $1 million in damages from defendants.

## Discussion

Plaintiff is a self-represented litigant and frequent filer of lawsuits who brings this action against the United States of America, the Chief of Police, and all law enforcement. For the reasons discussed below, the case will be dismissed for lack of proper venue and because it is frivolous.

3

## A. Venue

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff has alleged no basis upon which to conclude that venue lies in this Court. There is no allegation that defendants reside in the Eastern District of Missouri, and plaintiff himself lives in Washington, D.C. Moreover, there is no indication that any events or omissions that could be understood to give rise to any claim occurred in the Eastern District of Missouri. In short, none of the requirements of § 1391 are present in this case, and venue is therefore improper.

If venue is improper, the Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case to the District of Columbia. As explained above, plaintiff is a prolific filer of lawsuits across the country. This has resulted in him being subjected to prefiling injunctions in numerous federal courts. In particular, he has been barred from proceeding in forma pauperis in the United States District Court for the District of Columbia. Transferring this matter to the District of Columbia would therefore be pointless. Moreover, as discussed below, plaintiff's complaint is frivolous. For these reasons, this action must be dismissed.

4

## B. Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim. To that end, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

Here, plaintiff's claims, such as they are, are clearly baseless and lack an arguable basis in law or fact. He provides absolutely no factual support for the contention that the United States of America, much less the Chief of Police or all law enforcement, have violated any of his rights. Rather, plaintiff's nearly-indecipherable complaint fits a pattern of plaintiff filing disjointed civil actions with no connection to this jurisdiction. Therefore, along with improper venue, this Court will also dismiss this action as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## C. Warning as to Abuse of the Litigation Process

It is well settled in the Eighth Circuit that this Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *See Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). These powers stem from "the control necessarily vested

5

in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

In *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988), the Eighth Circuit affirmed the district court's sua sponte determination that the plaintiff should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process. The Eighth Circuit recognized that district courts may use their discretion to place reasonable restrictions on a litigant who is found to have abused the judicial process, including providing limitations or conditions upon the filing of future suits. The Eighth Circuit further recognized that there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious," and that "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Id.*

As previously noted, this case is one of thirty-one that plaintiff has filed in forma pauperis with this Court since January 21, 2020. Nineteen of those cases have already been dismissed on preservice review. Eleven were dismissed for improper venue pursuant to 28 U.S.C. § 1406(a). Eight have been dismissed for both improper venue and for factual frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B). Eleven more recently filed cases remain pending, while the instant action is being dismissed for lack of venue and frivolity. Beyond the cases filed in the Eastern District of Missouri, plaintiff has filed hundreds of cases across the country that have been dismissed as frivolous. *See Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013). Plaintiff has, in other words, established a pattern of using his in forma pauperis status to file a large number of meritless civil actions.

6

Based on the above, the Court has determined that plaintiff's repeated filing of lawsuits in the Eastern District of Missouri that lack proper venue and are factually frivolous amount to an abuse of the judicial process. Plaintiff is advised that if he continues to file such lawsuits, the Court may impose restrictions upon him, including the denial of his ability to proceed in forma pauperis in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for improper venue and because it is factually frivolous. *See* 28 U.S.C. § 1406(a); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of $\textit{June}$, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE